## HARRIS v. UNITED STATES.
### No. 7458.

Circuit Court of Appeals, Ninth Circuit.
Dec. 6, 1935.

For former opinion, see 76 F.(2d) 1010.

A. L. Merrill and R. D. Merrill, both of Pocatello, Idaho, and Jess Hawley and Oscar W. Worthwine, both of Boise, Idaho, for appellant.

John A. Carver, U. S. Atty., of Boise, Idaho, Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. General, for the United States.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

During the pendency of this action on appeal, Congress adopted a Joint Resolution (January 28, 1935 [38 U.S.C.A. § 445c]) retroactive to July 3, 1930, and applying to all pending cases, to the effect "that a denial of a claim based upon a War Risk Insurance policy by the administrator of Veterans' Affairs, or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the administrator, shall constitute a disagreement for the purposes of section 19 of the World War Veterans Act 1924, as amended (U.S.C.Supp. VII, title 38, Sec. 445)." The appeal was heard before Circuit Judges Wilbur and Garrecht, and District Judge Norcross. After the submission of the case and before the joint resolution above mentioned was called to our attention, a decision written by Judge Norcross and concurred in by both Circuit Judges was handed down on May 6, 1935, affirming the judgment of the lower court dismissing the action. Four days later the opinion was withdrawn by the Court sua sponte and the judgment was reversed. (D.C.) 5 F.Supp. 368, 370. The government petitioned for a rehearing, claiming that the decision was of momentous importance and that it had not had an opportunity to present its views concerning the effect of the joint resolution. The appellant replied to this petition in part as follows: "That the attorneys for the appellant believe that as officers of this court, they owe a duty to the court to state frankly and fully ,what they deem the law to be and after due consideration of this matter, and with the highest regard for the opinion of this court, counsel for appellant desire to state that it does not appear to them that Public Resolution No. 1 of the 74th Congress, approved January 28, 1935, has anything to do with this case and has no bearing one way or another upon it, and that, consequently, the reasons for reversal given in the opinion, filed May 10, 1935, were erroneous."

It appears that both the government and the appellant were in ignorance as to the scope and effect of the opinion of Judge Norcross which had been withdrawn, because the clerk, believing that this was the intent of the order of withdrawal had not disclosed the previous opinion. Both parties assumed, therefore, that this court had based its second opinion upon the conclusion that the joint resolution per se made a disagreement out of the correspondence between the Veterans' Bureau and the veteran. The government contended in its petition for rehearing that the purpose of the joint resolution was to make the adverse rulings of others than the Director in the Bureau sufficient to constitute a disagreement on behalf of the government, and not to determine what constituted such a disagreement. With this position we are in full accord.

In the opinion of Judge Norcross it was assumed for the purpose of the decision that the letter from the Regional Director, hereinafter quoted, was a sufficient rejection of the appellant's claim to constitute a "disagreement" as to his right to recover on the policy, but held that this official was not qualified under the World War Veterans' Act to act for the Director in finally rejecting appellant's claim. That authority has been since confirmed by the Joint Resolution of January 28, 1935, which ratified the act of Veterans' Administration at Washington, which it is alleged was acting through the manager of the United States Veterans' Administration at Boise, Idaho, in denying appellant's claim. Our opinion of May 10, 1935, was based upon the conclusion which had been assumed in the prior opinion of May 6, 1935, by Judge Norcross that the letter of the Regional Director rejecting the appellant's claim was a "disagreement" within the meaning of section 19 of the World War Veterans' Act, as amended (38 U.S.C.A. § 445). The letter referred to reads as follows:

"Recent instructions have been received from the Veterans' Administration at

Washington, D. C., concerning claims for yearly renewable term insurance, or for automatic insurance, by veterans of the World War. It is desired to advise you as follows concerning such claims:

" 'The provisions of the Act of March 20, 1933, entitled an Act to maintain the credit of the United States Government specifically repealed all laws drafting or pertaining to Yearly Renewable Term Insurance except as to cases wherein contracts of Yearly Renewable Term Insurance have matured prior to March 20, 1933, and under which payments have been commenced or in which judgments have been rendered in a court of competent jurisdiction in any suit on a contract of Yearly Renewable Term Insurance or in which judgments may hereafter be rendered in any such suit now pending. Under these provisions favorable consideration of your claim for benefits under a contract of Yearly Renewable Term Insurance is barred and no further action in connection with your claim can be taken by the Veterans' Administration. Under these circumstances I regret to advise you that further inquiry or correspondence from you seeking further consideration of this claim will necessarily be of no avail.' "

This letter was a flat denial of appellant's claim. He claimed a right to recover on his policy. The government denied that right. This was a "disagreement" which left the veteran no recourse except in the courts. It mattered not that the action of the Veterans' Bureau in denying the claim was based upon an unconstitutional Act of Congress also denying the right. Judge Cavanah anticipated the decision of the Supreme Court [1] holding that the provisions of the Economy Act of March 20, 1933 (48 Stat. 8), as applied to the vested rights of veterans under their policies of insurance were unconstitutional, but also, he held that the rejection of appellant's claim was not sufficient because not by the "Director or some one acting in his name on an appeal to the Director." With this view we agreed, but Congress, by its joint retroactive resolution, has made necessary the reversal of a decision of the District Court which was correct when rendered. This explanation is due the able trial judge who rendered the judgment herein.

Judgment reversed.

[1] See Lynch v. U. S., 292 U.S. 571, 54 S. Ct. 840, 78 L.Ed. 1434.