**CONTINENTAL MILLS, Inc., v.
UNITED STATES.**

No. 42886.

Court of Claims.
Dec. 7, 1936.

A. H. Conner, of Washington, D. C.
(Brewster & Maclean, Kingman Brewster, O. R. Folsom-Jones, and J. W. Cutler,

all of Washington, D. C., on the brief), for plaintiff.

Guy Patten, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

After this suit was instituted, the Act of August 24, 1935 (7 U.S.C.A. § 602 et seq.), amending the Agricultural Adjustment Act of May 12, 1933, was enacted. Section 21 of this act (7 U.S.C.A. § 623) provided that no refund or recovery should be made or allowed of any amount of any tax accrued before, on, or after the date of that act, unless, after a claim had been duly filed, it should be established, in addition to all other facts required to be established, to the satisfaction of the Commissioner of Internal Revenue, and the Commissioner should find and declare of record, after notice and opportunity for hearing, that neither the claimant nor any person directly or indirectly under his control or having control over him, had, directly or indirectly, included such amount in the price of the article in respect of which it was imposed, or of any article processed from the commodity with respect to which it was imposed, or passed on any part of such amount to the vendee or any other person in any manner, or included any part of such amount in the charge or fee for processing, and that the price paid by the claimant or such person was not reduced by any part of such amount.

Section 21 further provided that, notwithstanding any other provision of law, no suit or proceeding for the recovery of any such tax could be maintained in any court until such a claim had been filed.

Plaintiff did not comply with the above-mentioned provisions of the Act of August 24, 1935.

Section 901 of title 7 of the Revenue Act approved June 22, 1936 (7 U.S.C.A. § 623 note), repealed sections 21 (d), (e), and (g), of the above-mentioned act of 1935 (7 U.S.C.A. § 623 (d, e, g), and in sections 902 to 904, inclusive (7 U.S.C.A. §§ 644–646), substantially similar provisions were enacted requiring compliance therewith before a suit, such as the one at bar, could be maintained in any court. Section 902 (7 U.S.C.A. § 644) prescribed conditions on allowance of refunds as follows:

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [this chapter], unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him, with the approval of the Secretary, or to the satisfaction of the trial court, or the Board of Review in cases provided for under section 906 [section 648 of this title], as the case may be—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article with respect to which a tax was imposed under the provisions of such Act [chapter], or in the price of any article processed from any commodity with respect to which a tax was imposed under such Act [chapter] or in any charge or fee for services or processing; (2) through reduction of the price paid for any such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; or

"(b) That he has repaid unconditionally such amount to his vendee (1) who bore the burden thereof, (2) who has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly, and (3) who is not entitled to receive any reimbursement therefor from any other source, or to be relieved of such burden in any manner whatsoever."

Section 903 (7 U.S.C.A. § 645) provided with reference to filing of claims for refund as follows: "No refund shall be made or allowed of any amount paid by or collected from any person as tax under the Agricultural Adjustment Act [this chapter] unless, after the enactment of this Act [June 22, 1936], and prior to July 1, 1937, a claim for refund has been filed by such person in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. All evidence relied upon in support of such claim shall be clearly set forth under oath. The Commissioner is authorized to prescribe by regulations, with the approval of the Secretary, the number of

claims which may be filed by any person with respect to the total amount paid by or collected from such person as tax under the Agricultural Adjustment Act [this chapter], and such regulations may require that claims for refund of processing taxes with respect to any commodity or group of commodities shall cover the entire period during which such person paid such processing taxes."

Section 904 (7 U.S.C.A. § 646) provided with reference to suits for the recovery of such tax as follows: "Notwithstanding any other provision of law, no suit or proceeding, whether brought before or after the date of enactment of this Act [June 22, 1936], shall be brought or maintained in any court for the recovery, recoupment, set-off, refund, or credit of, or counterclaim for, any amount paid by or collected from any person as tax (except processing tax, as defined herein) under the Agricultural Adjustment Act [this chapter] (a) before the expiration of eighteen months from the date of filing a claim therefor under this title [section 645 of this title], unless the Commissioner renders a decision thereon within that time, or (b) after the expiration of two years from the date of mailing by registered mail by the Commissioner to the claimant a notice of disallowance of that part of the claim to which such suit or proceeding relates. Any consideration or any action by the Commissioner with respect to such claim following the mailing of notice of disallowance shall not operate to extend the period within which any suit or proceeding may be brought."

█ It is clear from the above that this suit cannot be maintained. When it was instituted it was not brought as a matter of right but pursuant to an act of Congress. The United States cannot be sued as of right. In United States v. Clarke, 8 Pet. 436, 443, 444, 8 L.Ed. 1001, the court said: "As the United States are not suable of common right, the party who institutes such suit must bring his case within the authority of some act of congress, or the court cannot exercise jurisdiction over it."

And in Cheatham et al. v. United States, 92 U.S. 85, 88, 89, 23 L.Ed. 561, it was held that "it will be readily conceded, * * * that the government has the right to prescribe the conditions on which it will subject itself to the judgment of the courts in the collection of its revenues."

In The Collector v. Hubbard, 12 Wall. 1, 14, 20 L.Ed. 272, the court said: "Reme-

dies of the kind, given by Congress, may be changed or modified, or they may be withdrawn altogether at the pleasure of the lawmaker, as the taxpayer cannot have any vested right in the remedy granted by Congress for the correction of an error in taxation."

In that case the court also pointed out, 12 Wall. 1, at page 16, 20 L.Ed. 272, that "A party cannot have any vested right in a remedy conferred by an act of Congress to prevent Congress from modifying it or adding new conditions to its exercise."

See, also, Red River Valley Bank v. Craig, 181 U.S. 548, 553, 21 S.Ct. 703, 45 L.Ed. 994, and Backus v. Fort Street Union Depot Company, 169 U.S. 557, 18 S.Ct. 445, 42 L.Ed. 853. In the last-cited case, 169 U.S. 557, at page 570, 18 S.Ct. 445, 450, 42 L.Ed. 853, the court said: "There is no vested right in a mode of procedure. Each succeeding legislature may establish a different one, providing, only, that in each is preserved the essential elements of protection."

In Campbell v. Iron-Silver Mining Co. (C.C.A.) 83 F. 643, 646, the court said: "It cannot be said that the mere bringing of a suit entitles the party who brings it to have the same conducted at every stage according to the course of procedure which was prescribed by law when the suit was commenced. Actions are always brought in view of the known power of the legislature to change or modify rules of procedure at pleasure, and a litigant cannot consistently claim that, because the legislature takes away some privilege which was accorded to litigants when the suit was instituted, he is thereby deprived of a vested right."

█ While the claim for refund upon which this suit is based complied, when it was filed, with the provisions of section 1103 (a) of the Revenue Act of 1932 (26 U.S.C.A. §§ 1672–1673), which was the only statute in force with respect to suits for the recovery of taxes at the time this suit was begun, Congress afterwards modified the conditions upon which suits could be brought or maintained for recovery of taxes paid under the Agricultural Adjustment Act. These additional conditions have not been complied with. In the absence of such compliance, Congress has declared that notwithstanding any other provision of law no suit or proceeding, whether brought before or after June 22, 1936, may be maintained in any court for the recovery of such tax. In these circumstances the court is without ju-

risdiction to proceed with the case and the petition must be dismissed.

In view of our conclusion that this suit cannot be maintained, it is unnecessary to discuss other questions raised by plaintiff to the effect that the statutory provisions, compliance with which is made necessary to suits, deny due process for the reasons (a) they impose conditions to refunds which cannot be met, (b) they create a presumption in favor of the Government which is irrebuttable, and (c) they repudiate the contract right of plaintiff to a refund of monies illegally exacted. It is sufficient to state, in addition to what has already been said, that this record contains no information tending to show that it is impossible to prove whether or not the tax in question was directly or indirectly included in the price of the article in respect of which it was imposed. United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 `S.Ct. 443, 78 L. Ed. 859.

The petition is dismissed, and it is so ordered.