**TENNANT & HOYT CO. et al. v. UNITED STATES.**

**No. 43268.**

Court of Claims.

Nov. 1, 1937.

Alfred W. Bowen, of Minneapolis, Minn., for plaintiff.

James W. Morris, Asst. Atty. Gen., and Robert N. Anderson, Fred K. Dyar, and Guy Patten, all of Washington, D. C., for defendant.

Before BOOTH, Chief Justice, and WHALEY, GREEN, WILLIAMS, and LITTLETON, Judges.

WILLIAMS, Judge.

The petition in this case alleges:

"1. That plaintiff is, and at all times hereinafter mentioned was, a corporation created by and existing under and by virtue of the laws of the State of Delaware, having its principal place of business at Lake City, Minnesota, and engaged in the business of merchant miller.

"2. That plaintiff has a just claim for refund of $961,073.13, being the amount of taxes paid by it to the Collector of Internal Revenue for the District of Minnesota on the dates hereinafter mentioned, which said sum was illegally and wrongfully assessed and collected by. the Commissioner of Internal Revenue of the United States.

"3. The provisions of law under which such illegal and wrongful assessment and collection were made, are contained in section 9 of chapter 25, Act of May 12th, 1933, as amended [7 U.S.C.A. § 609] and known as the Agricultural Adjustment Act.

"4. The provisions of law under which the plaintiff claims such refund are contained in section 3220 of the Revised Statutes of the United States, as amended [26 U.S.C.A. §§ 1670(a) (1), (b), 1676].

"5. Pursuant to section 19 of chapter 25 of the Act of May 12th, 1933 [as amended, 7 U.S.C.A. § 619], and section 626 of the Revenue Act of 1932 [26 U.S.C.A. § 1420 et seq. note], and section 600 of the Revenue Act of 1926 [26 U.S.C.A. §§ 1120, 1124(a)] the plaintiff made and transmitted to the Commissioner of Internal Revenue on forms, P. T. Form No. 1, for each calendar month beginning with July 1933, and up to and including May 1935, the returns required under said sections and paid to the Collector of Internal Revenue for the District of Minnesota within the time prescribed by law and as set forth in detail in Exhibit A 2 hereto attached, the several sums aggregating the said total sum of $961,073.13.

"6. On information and belief, that plaintiff avers that said sums so paid by it

to the Collector of Internal Revenue for the District of Minnesota were by the said officials paid over to and deposited in the Treasury of the United States as and in the usual course of the business of such officials.

"7. Pursuant to the provisions of section 3220 of the Revised Statutes of the United States, as amended [26 U.S.C.A. §§ 1670(a) (1), (b), 1676], and pursuant to the provisions of other acts of Congress, and on August 8th, 1935, the plaintiff duly filed with the said Collector of Internal Revenue for the District of Minnesota, at St. Paul, Minnesota, a Claim for refund in the amount of $961,073.13, a copy of which said Claim for refund as filed is attached hereto and marked Exhibit A 1. The basis for such claim is that said tax, and all thereof, was illegally collected from the plaintiff for the following reasons:

'1. That the law imposing such taxes is unconstitutional, in violation of article 1, section 1 and section 8, paragraph 18 of the Constitution of the United States.

'2. That the law imposing such taxes is unconstitutional in violation of the Tenth Amendment to the Constitution of the United States.

'3. That the law imposing such taxes is in violation of the Fifth Amendment to the Constitution of the United States.

'4. That the law constitutes an unlawful delegation of authority in violation of the doctrine announced by the Supreme Court in Panama Refining Company v. Ryan [293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446], and in Schechter Poultry Corp. v. United States [295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1590, 97 A.L.R. 947.]

'5. That the taxpayer has suffered injury to the extent of $961,073.13 by virtue of this unlawful tax.'

"8. The Commissioner of Internal Revenue considered the said Claim for refund so filed, and by his letter dated Oct. 11, 1935, advised the plaintiff that said Claim would be rejected in full, a copy of said rejection letter is attached hereto and marked Exhibit B.

"9. That said sum of $961,073.13, representing the amount of such tax so paid to the Collector of Internal Revenue, is wrongfully withheld from the plaintiff, for the reason that it was collected from the plaintiff without any basis in any lawful act of Congress, and the said law under which said assessments were made and collected has been declared totally void and invalid by the Supreme Court of the United States in the case of U. S. v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L. R. 914. That said sum is withheld from this plaintiff after the expiration of the statutory period allowed by section 3226 of the Revised Statutes of the United States [26 U.S.C.A. §§ 1672–1673], and that the said sum is, therefore, illegally withheld from the plaintiff.

"10. No other action than aforesaid has been had on this claim in Congress or in any of the Departments; plaintiff is the sole owner of the claim hereinbefore referred to and has made no transfer or assignment of said claim, or any part thereof, or of any interest therein.

"11. Plaintiff believes the facts as hereinbefore stated to be true and that it is justly entitled to said amount from the United States. Plaintiff has at all times, through its officers and agents, borne true allegiance to the United States of America and has not in any way voluntarily aided, abetted or given any encouragement to rebellion against the said Government.

"Wherefore, the plaintiff prays judgment against the United States for $961,-073.13, with interest as provided by law."

The case comes before the court on the defendant's motion to dismiss the petition, on the ground that the court is without jurisdiction to proceed with the case in respect to any amounts paid by plaintiff, either as "floor stocks" or "processing" taxes, for the reason that plaintiff does not allege or show in the petition that it has complied with the condition precedent to the maintenance of its suit in this court within the requirements of sections 902, 903, and 904 of title 7 of the Revenue Act of 1936, c. 690, 49 Stat. 1648 (7 U.S.C.A. §§ 644–646), approved June 22, 1936. It is further asserted in the motion to dismiss that the court is without jurisdiction to proceed with this case in respect to any amounts paid by plaintiff and sued for as "processing" taxes, under the provisions of section 906 of title 7 of the said Revenue Act of 1936 (7 U.S.C.A. § 648).

The court is without choice in the matter and is compelled to dismiss the petition on the authority of Continental Mills, Inc., v. United States, 17 F.Supp. 138, 84 Ct.Cl. 247, where the precise issues here presented were involved, and also the subsequent decision of the Supreme Court in Anniston Manufacturing Co. v. Davis, 301

U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143. Reference is made to these decisions in which the issues raised by the plaintiff in the petition are decided adversely to its contentions. The motion to dismiss the petition is therefore sustained. It is so ordered.