## HUFF v. UNITED STATES.

### GILBERT v. SAME.

### EVANS v. SAME (two cases).

### Nos. 1412, 1411, 1414, 212.

District Court, E. D. Kentucky.

Feb. 17, 1938.

R. O. Shehan, of Harlan, Ky., J. O. Baker, of Stanford, Ky., and Perry B. Miller, of Louisville, Ky., for plaintiffs.

J. T. Metcalf, U. S. Dist. Atty., of Winchester, Ky., and Erle McGuffey, Sp. U. S. Atty., of Lexington, Ky., for defendant.

FORD, District Judge.

Each of these suits was filed in April, 1933, to recover upon policies of war risk insurance issued during the World War, pursuant to the War Risk Insurance Act of 1917, 40 Stat. 398, as amended.

■ Jurisdiction of the District Courts of the United States of actions of this character is derived from section 19 of the World War Veterans' Act of 1924, as amended, 38 U.S.C.A. § 445, by the terms of which the existence of a "disagreement" arising from the presentation of the claim sued upon and its denial by the bureau is a jurisdictional prerequisite. United States v. Knott, 6 Cir., 69 F.2d 907; United States v. Valndza, 6 Cir., 81 F.2d 615.

It is stipulated that the plaintiffs in each of these cases duly presented their respective claims to the United States Veterans' Bureau and, prior to institution of the actions, each of them received from the bureau a letter advising them that by reason of the provisions of the Act of March 20, 1933, commonly known as the Economy Act, section 17, 38 U.S.C.A. § 717, "favorable consideration of your claim for benefits under a contract of yearly renewable term insurance is barred and no further action in connection with your claim may be taken by the Veterans' Administration," and that "further inquiries or correspondence from you seeking further consideration of this claim will be necessarily of no avail."

In the cases of Harris v. United States, 9 Cir., 80 F.2d 612, and United States v. Bryan, 5 Cir., 82 F.2d 784, it was held that such denial of a claim constitutes a "disagreement" within the meaning of the act, so as to confer jurisdiction.

However, by an Act approved June 29, 1936, 49 Stat. 2034, § 404, 38 U.S.C.A. § 445d, section 19 of the World War Veterans' Act of 1924, 38 U.S.C.A. § 445, was further amended by which it was provided "that the term 'denial of claim' means the denial of the claim after consideration of its merits," and further, "this Act [section] is made effective as of July 3, 1930, and shall apply to all suits now pending on June 29,

1936, against the United States under the provisions of section 19 World War Veterans' Act 1924 as amended [section 445 of this title]."

These cases were pending at the time Congress passed this amendment of 1936. Obviously, the letters denying further consideration of the claims asserted in these actions, although at the time the actions were instituted, were sufficient denials to constitute "disagreement" within the meaning of the law as it existed at that time, they are not denials of the claims after consideration upon their merits as required by the amendment of 1936.

The sole question now presented in each of these cases is whether the amendment of 1936 had the effect of withdrawing jurisdiction to further maintain or proceed with these suits until there shall have been a denial of the claims by the Veterans' Administration after consideration of them on their merits.

In the case of Reid v. United States, 211 U.S. 529, 538, 29 S.Ct. 171, 172, 53 L.Ed. 313, it is said: "Suits against the United States can be maintained, of course, only by permission of the United States, and in the manner and subject to the restrictions that it may see fit to impose."

In the case of Kline v. Burke Construction Company, 260 U.S. 226, 234, 43 S.Ct. 79, 83, 67 L.Ed. 226, 24 A.L.R. 1077, it is said: "The Constitution simply gives to the inferior courts the capacity to take jurisdiction in the enumerated cases, but it requires an act of Congress to confer it. Mayor of Nashville v. Cooper, 6 Wall. 247, 252, 18 L.Ed. 851. And the jurisdiction having been conferred may, at the will of Congress, be taken away in whole or in part; and if withdrawn without a saving clause all pending cases though cognizable when commenced must fall. Assessors v. Osborne, 9 Wall. 567, 575, 19 L.Ed. 748."

In the case of Lynch v. United States, 292 U.S. 571, 581, 582, 54 S.Ct. 840, 844, 78 L.Ed. 1434, it is said:

"Although consent to sue was thus given when the policy issued, Congress retained power to withdraw the consent at any time. For consent to sue the United States is a privilege accorded, not the grant of a property right protected by the Fifth Amendment. The consent may be withdrawn, although given after much deliberation and for a pecuniary consideration.

De Groot v. United States, 5 Wall. 419, 432, 18 L.Ed. 700. * . * *

"When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. It may limit the individual to administrative remedies. Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738."

A similar question was involved in the case of Continental Mills v. United States, Ct.Cl., 17 F.Supp. 138, 140, certiorari denied 299 U.S. 614, 57 S.Ct. 316, 81 L.Ed. 453, in which the court said: "While the claim for refund upon which this suit is based complied, when it was filed, with the provisions of section 1103(a) of the Revenue Act of 1932 (26 U.S.C.A. §§ 1672–1673), which was the only statute in force with respect to suits for the recovery of taxes at the time this suit was begun, Congress afterwards modified the conditions upon which suits could be brought or maintained for recovery of taxes paid under the Agricultural Adjustment Act [7 U.S.C.A. § 601 et seq.]. These additional conditions have not been complied with. In the absence of such compliance, Congress has declared that notwithstanding any other provision of law no suit or proceeding, whether brought before or after June 22, 1936, may be maintained in any court for the recovery of such tax. In these circumstances the court is without jurisdiction to proceed with the case and the petition must be dismissed."

To the same effect is the holding in the case of Anniston Mfg. Co. v. Davis, 5 Cir., 87 F.2d 773, affirmed 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

■ Since consent to sue the United States is not a vested right protected by the Constitution, but is merely a privilege accorded upon such terms and conditions as Congress may prescribe, it necessarily follows that such privilege may be entirely withdrawn or the terms and conditions upon which it may be exercised may be modified whenever and to whatever extent Congress in its discretion may determine.

"The United States through Congress may decide how, when, and where it wishes to be sued, and may open or close its judicial tribunals to claims against it as and when Congress elects." United States v. Alberty, 10 Cir., 63 F.2d 965, 966.

It matters not that, at the time these suits were instituted, the denial of the claim based upon the so-called Economy Act constituted a disagreement sufficient to confer jurisdiction. The amendment of 1936 was clearly intended to alter the terms and conditions upon which suits of this character might be maintained against the government. A new element prerequisite to jurisdiction was added, namely, "The denial of the claim after consideration of its merits." By clear and express terms, Congress made this condition a jurisdictional prerequisite applicable to pending actions.

The result is not to deprive the plaintiffs of an adequate remedy. They are merely required to apply for and secure a consideration of their claims by the Veterans' Administration upon their merits. If their claims are denied, after such consideration, the plaintiffs may then resort to the courts for their remedy.

I am of the opinion that the court has no jurisdiction to further proceed with these actions. Let an order be prepared in conformity herewith.