## ALBERT EKSTROM v. GORDON WAREN HARMON.

98 N. W. (2d) 241.

July 3, 1959—No. 37,621.

*S. Bernhard Wennerberg* and *James M. McGuire,* for appellant. *Thomas M. Conlin, T. J. Battis,* and *Murnane & Murnane,* for respondent.

MATSON, JUSTICE.

Plaintiff in a wrongful-death action appeals from an order denying a new trial.

On April 26, 1957, decedent crossed Highway No. 61 to go to his mailbox. While crossing the highway on his return to his farm, he was struck by defendant's automobile. He died the same day. Alleging that decedent's death was caused solely by the negligence of defendant, plaintiff commenced a wrongful-death action for damages against defendant on July 26, 1957. One of defendant's defenses at the trial was that decedent was guilty of contributory negligence.

On April 29, 1957, *three days* after this accident and decedent's death, the legislature approved L. 1957, c. 949, § 1 (M. S. A. 602.04), which provides:

"In any action to recover damages for negligently causing the death of a person, it shall be presumed that any person whose death resulted from the occurrence giving rise to the action was, at the time of the commission of the alleged negligent act or acts, in the exercise of due care for his own safety. The jury shall be instructed of the existence of such presumption, and shall determine whether the presumption is rebutted by the evidence in the action."

At the trial plaintiff requested the trial court to instruct the jury, in accordance with this statute, that decedent herein was presumed to have been exercising due care at the time of the accident. The trial court refused to give the instruction. The correctness of this ruling is challenged by this appeal.

■ The only issue before us is whether or not the statutory presumption of § 602.04 should be applied retrospectively to causes of action which arose before the statute was enacted. In passing on the issue we are at once confronted by § 645.21, which provides:

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."

There can be no doubt that the legislature *did not* "clearly and manifestly" express an intention that the presumption of § 602.04 should be applied retroactively.

■ Plaintiff argues, however, that the rule of § 645.21, prohibiting the retroactive application of statutory enactments (in the absence of a clear and manifest legislative intention to that effect), does not apply because the presumption created by § 602.04 relates only to a rule of procedure and not to a rule involving substantive rights. In other words, plaintiff takes the position that the prohibition of § 645.21 against the retroactive application of laws applies only to laws pertaining to substantive rights and not to laws establishing merely rules of procedure. We find no merit in this contention. It is unnecessary for us to determine whether the presumption established by § 602.04 involves a law of procedure or a substantive law since this

court in Chapman v. Davis, 233 Minn. 62, 65, 45 N. W. (2d) 822, 824, after quoting the presumption against retroactive application of statutes in § 645.21, held:

"* * * § 645.21 applies to all laws without making any distinction between laws relating to procedure and those pertaining to substantive rights."

This case has since been followed at least twice.[1] We reaffirm the soundness and desirability of that rule now. We overrule any decisions to the contrary, inclusive of In re County Ditch No. 1-A, Yellow Medicine County, 233 Minn. 12, 47 N. W. (2d) 592.

If the legislature wishes to give retroactive operation to one of its statutes, so as to effect causes of action which arise before its enactment, even as to statutes relating to or governing procedure, it may easily make such an intention clearly manifest. No such clear intent having been manifest by the legislature concerning § 602.04, it should not be applied retroactively.

Thus, it is clear that the trial court committed no error in refusing to instruct the jury concerning the statutory presumption embodied in § 602.04. The order appealed from must be and is affirmed.

Affirmed.

---

[1] Hughes v. Lucker, 233 Minn. 207, 46 N. W. (2d) 497; Marsolek v. Miller Waste Mills, 244 Minn. 55, 69 N. W. (2d) 617. See, Guerra De Chapa v. Allen (S. D. Tex.) 119 F. Supp. 129, 133.