Catherine HEDDON, Respondent,

v.

NORTH DAKOTA WORKMEN'S COMPEN-SATION BUREAU and Grafton State School, an agency of the State of North Dakota, Appellants.

Civ. No. 8716.

Supreme Court of North Dakota.

Sept. 1, 1971.

Helgi Johanneson, Atty. Gen., and Dale W. Moench and David L. Evans, Special Asst. Attys. Gen., Bismarck, for appellants.

Ohnstad, Twichell & Breitling, West Fargo, for respondent.

ERICKSTAD, Judge (on reassignment).

The North Dakota Workmen's Compensation Bureau appeals from a judgment of the district court of Cass County, dated August 17, 1970. The pertinent part of the judgment reads:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that

"1. That the portion of Chapter 558 SL 1969, Sec. 3; Section 65–05–09, North Dakota Century Code, relied upon by the Bureau cannot be applied retroactively.

"2. Sections 65–05–07 and 65–05–09 of the North Dakota Century Code provide two independent, distinct and separate benefits, namely

"FIRST: compensation for loss of earning power during disability, or otherwise stated, compensation for loss of earning power or loss of time; and

"SECONDLY: medical treatment and hospital attention.

"3. The resolution and determination of the Bureau dated August 1, 1969, does not conform with law.

"4. The Workmen's Compensation Bureau shall pay to the claimant, Catherine Heddon, permanent total disability compensation in the statutory amount commencing August 1, 1969, to continue for so long as the claimant shall be rated as totally disabled.

"5. The amount of such award which has been applied to medical and hospital care at the Fargo Nursing Home by the Bureau from the 1st day of August, 1969, to date shall be paid by the Bureau to the claimant.

"6. The Bureau shall furnish the claimant, in addition to the weekly compensation provided for in paragraph 4, as a separate award and benefit, such surgical and hospital service and supplies as the nature of her injury and disability may require.

"7. The Bureau is restrained and enjoined from applying sums of money representing the compensation award under Section 4 hereof towards defraying said medical and hospital award.

"8. The claimant is awarded costs of appeal and attorneys fees in the sum of Six Hundred Twenty-seven and ⁵⁰⁄₁₀₀ Dollars ($627.50), which costs and fees shall be paid by the Bureau."

The issues in this case arise from the amendment made by the 1969 session of the State Legislature to Section 65–05–09, N.D.C.C.

The relevant part of Section 65–05–09 which became part of our law in 1969 reads as follows:

"* * * When a claimant who is permanently and totally disabled, and must be maintained in a nursing home or similar facility, has no dependent parent, spouse, or children, part or all of his weekly compensation may be used by the bureau to help defray the cost of such care." N.D.C.C.

Prior to that amendment, Section 65–05–07 and Section 65–05–09 provided two

independent benefits. This is what the district court of Walsh County held in its memorandum decision dated February 19, 1966, and upon which a judgment was entered and from which judgment there has been no appeal.

By way of background information, on October 14, 1961, Mrs. Heddon, then 81 years of age, while in the course of her employment as a night attendant at the Grafton State School at Grafton, North Dakota, fell and sustained a fractured right hip. According to the memorandum decision of the Walsh County district court, Mrs. Heddon was hospitalized and received medical treatment at a Grafton hospital, and upon application for Workmen's Compensation was found to be temporarily totally disabled and was awarded a weekly compensation of $42. While still in the hospital she fell and broke her right forearm, necessitating further medical treatment and further hospitalization.

At that time the Bureau paid the entire hospital expense, which was in excess of $500 per month, plus the compensation award of $168 every four weeks. On March 3, 1962, Mrs. Heddon was transferred, with the Bureau's authorization, to a nursing home at Fargo. The nursing home costs were then $250 per month. On March 19, 1964, the Bureau, by resolution, determined that Mrs. Heddon was permanently and totally disabled, and up until March 29, 1965, the Bureau paid the entire nursing home costs plus the compensation award.

On the latter date, although concluding that Mrs. Heddon was permanently and totally disabled and that it was necessary for her that she be cared for and live in a nursing home, the Bureau ordered that, commencing with April 1, 1965, and continuing thereafter during her total disability, the Bureau pay to the nursing home only the difference in the amount of $168, which was the amount of the total disability payment for four weeks, and the cost per month of care at the nursing home, which was then $265.

It was from that order that Mrs. Heddon appealed to the district court of Walsh County.

In reversing the Workmen's Compensation Board, that court in its memorandum opinion said:

"Had the legislature deemed it appropriate and advisable to provide or intend, for practical reasons or to effect a savings to employers, that compensation awards to totally disabled workers be applied towards defrayment of medical, hospital and supply costs—or that such an application of compensation be made because the worker does not show how much or to what extent he actually benefited from his compensation award or because he does not have dependents— then such an express provision could easily have been incorporated in the statutes. The legislature not having seen fit to so do, then this Court would be engaging in judicial legislation, if by judicial interpretation such be supplied. This may not be done."

Whether the Workmen's Compensation Bureau secured the amendment to the statute in 1969 as a result of the district judge's admonition in his memorandum opinion or not, we do not know, but in any case, in 1969, through Section 3 of Senate Bill No. 225 the amendment which we have heretofore referred to became a part of Section 65–05–09, N.D.C.C.

Subsequent to the adoption of that amendment, on August 29, 1969, the Bureau adopted the following resolution:

"WHEREAS, the claimant, Catherine Heddon, was declared permanently and totally disabled on March 21, 1964; and

"WHEREAS, according to the records of the North Dakota Workmen's Compensation Bureau, the claimant does not have a dependent parent, spouse, or child; and

"WHEREAS, the claimant must be maintained in a nursing home or similar facility; and

"WHEREAS, the claimant, Catherine Heddon, is presently being maintained in the Fargo Nursing Home, at Fargo, North Dakota.

"IT IS HEREBY RESOLVED by the Commissioners of the North Dakota Workmen's Compensation Bureau, pursuant to Section 65–05–09 of the North Dakota Century Code, that part of the claimant's weekly compensation amounting to $37.00 shall henceforth be used to defray the cost of said above mentioned care. Said money shall be paid by the North Dakota Workmen's Compensation Bureau directly to the above mentioned institution during the claimant's stay. The remainder of the claimant's compensation shall be paid to the claimant or guardian as was the case prior to the date of this resolution."

When that resolution was appealed to the district court of Cass County, that court ruled against the Bureau and ordered judgment for Mrs. Heddon as indicated earlier in this opinion.

We must now determine whether the resolution constitutes a retroactive application of the statute and if so whether such an application of the statute is permissible. We believe that it is a retroactive application of the statute and that this application is not permissible.

Guiding us in the determination of this case is a statute on interpretation and case law.

The statute reads:

"1–02–10. Code not retroactive unless so declared.—No part of this code is retroactive unless it is expressly declared to be so." N.D.C.C.

In a number of decisions, this court has relied upon the following rule:

"* * * an act of the legislature is presumed to be prospective unless the legislature clearly manifests a contrary intention." Gimble v. Montana-Dakota Utilities Co., 77 N.D. 581, 44 N.W.2d 198, 201 (1950).

Notwithstanding the aforementioned statute and rule, the Bureau believes that the amendment to Section 65–05–09, N.D. C.C., effective July 1, 1969, applies to Mrs. Heddon. It asserts that the use of the word "when" in the amendment, which reads: "When a claimant who is permanently and totally disabled, and must be maintained in a nursing home or similar facility, has no dependent parent, spouse, or children, part or all of his weekly compensation may be used by the bureau to help defray the cost of such care", discloses that the legislature contemplated that the amendment apply, notwithstanding that the claimant may have been previously permanently and totally disabled and that the Bureau may have previously so determined.

The Bureau further asserts that it is significant that the amendment being questioned here makes no mention of the date of the injury of the claimant and that the only requirements are those set out within the amendment.

■ We do not think that such language clearly discloses that the legislature intended that the amendment adversely affect the rights of persons who had previously had their claims determined.

The Bureau's arguments must be viewed in the light of the objectives of the Workmen's Compensation Act. Relative to the objectives of the Act and the construction that should be placed upon the Act, in 1967 we said:

"The legislature, in establishing the Workmen's Compensation Bureau and the fund from which the benefits are paid, asserted that the prosperity of this state depends in a large measure upon the well-being of its wageworkers; and to secure this prosperity it provided sure and certain relief for workmen injured in hazardous employment and for their families and dependents. § 65–01–01, N.D.C.C.

"As a corollary to the policy set forth in that section, this court has said that the workmen's compensation act must be liberally construed to promote the ends intended to be secured by its enactment. Erickson v. North Dakota Workmen's Compensation Bureau, 123 N.W.2d 292, 294 (N.D.1963)." Brown v. North Dakota Workmen's Compensation Bureau, 152 N.W.2d 799, 801 (1967).

We do not believe that the contended construction of the statute by the Bureau is consistent with the objectives stated in the Workmen's Compensation Act or with a liberal construction of the Act.

The Bureau argues, however, that there is an additional reason why the amendment should be construed to apply to Mrs. Heddon, and that is that it is a remedial statute and that as such it is not subject to the rule that it should be applied only prospectively unless it is expressly declared to be retroactive.

It is asserted by the Bureau that it is remedial in that it attempts to correct what the Bureau considers to be an injustice existing between the benefits that are received by persons who are taken care of in their own homes, and who there must pay for household expenses, and those such as Mrs. Heddon who are taken care of in a nursing home, where household expenses are covered under the nursing home costs.

What the Bureau seems to be contending is that this amendment is a purely procedural amendment and that it does not affect substantive rights or impair contract obligations, and thus may have a retroactive effect unless a contrary intent is evidenced in the amendment.

This argument was made in Scranton Grain Company v. Lubbock Machine & Supply Company, 186 N.W.2d 449 (1971), but was rejected by this court, the reason being given that Section 1-02-10, N.D.C.C., is absolute and definite.

■ We need not rely on the rule asserted in *Scranton Grain,* as it is our view that the amendment in this case is not procedural but is substantive in that it definitely reduces the benefits of persons who are in the situation in which Mrs. Heddon is found in this case. In that respect then we conclude that the amendment does not merely change the employee's remedy, but that it substantially changes the rights of the employee in that it reduces the employee's benefits.

Having decided as we have, we need not concern ourselves with the contention raised by the respondent, that a statute which would deprive the respondent of her right to continue to receive both nursing home care and her weekly compensation would be unconstitutional as a violation of Section 10 of Article I of the United States Constitution and Section 16 of Article I .of the North Dakota State Constitution, prohibiting laws impairing the obligation of contracts; and Section 1 of Article XIV of the amendments to the United States Constitution and Section 13 of Article I of the North Dakota Constitution, prohibiting the taking of property without due process of law.

The Bureau asserts as an additional justification the fact that it has continuing jurisdiction and that therefore it can at any time revise its awards, reduce them or raise them, and that no decision is res judicata.

Although this court has as recently as 1969 concluded, in Haggart, Inc. v. North Dakota Workmen's Compensation Bureau, 171 N.W.2d 104, that there is nothing in our statute and no case law in our state which .limits the Bureau to reopening an award only upon proof of a change in the claimant's condition, we do not think that that conclusion or the fact that continued jurisdiction exists justify the Bureau's resolution in this case.

If the Bureau had determined upon proper notice and hearing that Mrs. Heddon was not entitled to medical, surgical, and hospital services and supplies, and had the facts substantially supported such a

conclusion, the Bureau might have declined to pay for the nursing home care involved in this case.

Section 65–05–07, N.D.C.C., requires that the fund furnish to the employee such medical, surgical, and hospital services and supplies *as the nature of the injury may require*.

As we view the record, there is nothing in it which indicates that from the nature of Mrs. Heddon's injuries she does not require the care that she is now receiving in the nursing home.

Accordingly, for the reasons herein stated, we affirm the judgment of the district court of Cass County.

STRUTZ, C. J., and PAULSON, KNUDSON and TEIGEN, JJ., concur.