Arthur H. REILING and Justine Reiling,
Plaintiffs and Appellants,

v.

Dr. Sunil C. BHATTACHARYYA and
Dr. John Theodore Robson,
Defendants and Appellees.

Civ. No. 9537.

Supreme Court of North Dakota.

Sept. 29, 1978.

Shelley J. Lashkowitz, Lashkowitz Law
Offices, P.C., Fargo, for plaintiffs and ap-
pellants.

Zuger & Bucklin, Bismarck, for Dr. H.
Keith Stinson; argued by Leonard H. Buck-
lin, Bismarck.

PAULSON, Justice.

The plaintiffs, Arthur H. Reiling and Justine Reiling, his wife [hereinafter the Reilings], commenced an action for medical malpractice against Dr. Sunil C. Bhattacharyya and Dr. John Theodore Robson [hereinafter Dr. B. and Dr. R.] on February 22, 1978.

A motion to dismiss the action against Dr. B. and Dr. R. was served by mail upon the Reilings on March 8, 1978. A hearing on the motion to dismiss was held before the Honorable William Beede, District Judge of the Fifth Judicial District, on March 20, 1978. The district court, on March 20, 1978, issued its order dismissing the complaint and a judgment of dismissal was entered on March 22, 1978.

Counsel for the Reilings prepared an amended summons and complaint on March 27, 1978, which summons and complaint, as amended, named not only Dr. B. and Dr. R., the defendants in the original action, but also included as defendants Dr. H. Keith Stinson, John Doe, and others. The amended summons and complaint were served upon the three doctors on April 5, 1978. Counsel for Dr. Stinson served interrogatories on Mr. Reiling on April 17, 1978. Dr. Stinson's counsel also served, on May 5, 1978, by mail, upon the Reilings a motion to dismiss the action, together with an answer. The motion to dismiss the action naming Dr. Stinson as one of the defendants has not been heard by the district court, nor has the case been noticed for trial in the district court. Thereafter, the Reilings appealed to the Supreme Court from the order dated March 20, 1978, dismissing the action.

Dr. Stinson was served with a copy of appellants' brief even though he is not named as a party in the notice of appeal. Counsel for Dr. Stinson, on August 16, 1978, prepared and served an alternative motion for remand or for Dr. Stinson's dismissal from the appeal pending in this court. Dr. Stinson requests this court to:

1. Remand the case back to the trial court for the trial court to consider and make its appropriate judgment and order on the pending defenses of Dr. Stinson for dismissal for lack of personal jurisdiction, or

2. Eliminate Dr. Stinson from the appeal before this court by entering judgment of dismissal without prejudice in favor of Dr. Stinson, on the ground that the court has no jurisdiction over Dr. Stinson.

The issue before this court is whether or not Dr. Stinson is a party to the pending appeal from the district court's order of March 20, 1978.

We will treat the second alternative of Dr. Stinson's motion as a motion to strike.

■ Dr. Stinson urges that when he is named as an additional party to an existing case that his designation as an additional party cannot be effective without the consent of the trial court. He further contends that he has not at any time been a party to this appeal; therefore, this court does not have jurisdiction over him. We agree.

Rule 15(a) of the North Dakota Rules of Civil Procedure states, in pertinent part:

"RULE 15—AMENDED AND SUPPLEMENTAL PLEADINGS

"(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
. . . ."

Rule 21, N.D.R.Civ.P., states:

"RULE 21—MISJOINDER AND NONJOINDER OF PARTIES

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

While this court has not previously interpreted Rule 21, N.D.R.Civ.P., other courts have had occasion to do so. *Zarate v. State Dept. of Health & Rehabilitative Services*, 347 F.Supp. 1004 (S.D.Fla.1971) (three-judge court), aff'd per curiam, 407 U.S. 918, 92 S.Ct. 2462, 32 L.Ed.2d 803 (1972)[1]; Comments to Rule 21, N.D.R.Civ.P. [*See* Wright & Miller, Federal Practice and Procedure: Civil §§ 1684, 1687, 1688 (1972); 3A Moore's Federal Practice Ch. 21; 28 U.S.C.A., Rule 21, n. 12 (1972)]. We conclude that, pursuant to Rules 15(a) and 21, N.D.R.Civ.P., the addition of a party or parties by an *ex parte* amendment of the summons and complaint, even before a responsive pleading is served pursuant to Rule 15(a), N.D.R.Civ.P., requires that a party comply with Rule 21, N.D.R.Civ.P. *Gordon v. Lipoff*, 320 F.Supp. 905 (W.D.Mo. 1970). A party must make a motion and secure an order of addition pursuant to the specific provisions of Rule 21. Such motion is addressed to the discretion of the trial court. In the instant case, the original summons and complaint had been served upon Dr. B. and Dr. R. A motion for dismissal of the action was granted by the trial court. The Reilings then proceeded to amend their summons and complaint by adding the name of Dr. Stinson without complying with Rule 21, N.D.R.Civ.P. We hold that Dr. Stinson is not a party to the appeal pending in this court and that his name be stricken as a party without prejudice. What further action, if any, which may be taken by the Reilings will be governed by appropriate procedure in the district court.

While this court formerly has been reluctant to allow motion costs, particularly in cases where movant's counsel is not required to travel, this court, in reviewing the record, is aware of the fact that there are special circumstances which have jeopardized Stinson's rights and placed an additional burden upon him because of the appeal and the action pending in the district court initiated by the Reilings. This court grants the motion to strike Dr. Stinson's name from the pending appeal in this court and allows the usual statutory costs. In addition, we grant motion costs in the sum of $200.00.

SAND, Acting C. J., and PEDERSON and VANDE WALLE, JJ., concur.

ERICKSTAD, C. J., deemed himself disqualified, and the parties stipulated in open court that the case could be heard by a 4-judge Court.

---

1. Rule 21, N.D.R.Civ.P., and Rule 21, F.R.Civ.P. are indentical.