**NORTH DAKOTA REAL ESTATE COMMISSION Complainant [Defendant below] and Appellant,**

v.

Earl ALLEN Respondent [Appellant below] and Appellee.

Civ. No. 9488.

Supreme Court of North Dakota.

Oct. 31, 1978.

Dean F. Bard, Sp. Asst. Atty. Gen., Bismarck, for appellant.

Pearson & Christensen, Grand Forks, for appellee; argued by Garry A. Pearson, Grand Forks.

PAULSON, Justice.

The appellant, North Dakota Real Estate Commission [hereinafter Commission], has appealed from the judgment of the Burleigh County District Court reversing the Commission's decision revoking the real estate broker's license of Earl Allen [hereinafter Allen]. The district court held that the Commission had no authority under

* Sitting in place of VandeWALLE, J., disqualified.

§ 43–23–08 of the North Dakota Century Code to revoke Allen's real estate broker's license based upon his felony conviction in Federal District Court for filing false income tax returns.

On August 30, 1976, Allen was convicted in Federal District Court of violating 26 U.S.C. § 7206(1), for willfully filing false income tax returns for the years 1969 and 1970. The United States 8th Circuit Court of Appeals affirmed the conviction on March 15, 1977, and no further appeal has been taken. The Commission filed a complaint against Allen on May 24, 1977, to revoke his real estate broker's license. A hearing was held in August of 1977, and Allen's license was revoked on November 7, 1977, pursuant to § 43–23–11.1(1)(p), N.D. C.C., for violating § 43–23–08, N.D.C.C. The Commission concluded that Allen's felony conviction violated the requirements of § 43–23–08 that a real estate broker must exhibit a good reputation for honesty, truthfulness, and fair dealing.

Allen then appealed the revocation decision to the Burleigh County District Court which reversed the Commission's decision on the ground that § 43–23–08, N.D.C.C., provides no basis upon which the Commission may revoke a real estate broker's license. The Commission now appeals the district court's decision reinstating Allen's broker's license.

The following issues are raised for appeal:

1. Did the North Dakota Real Estate Commission err in revoking Allen's real estate broker's license for violating § 43–23–08, N.D.C.C., based upon his federal income tax conviction? and

2. If § 43–23–08, N.D.C.C., provides an adequate basis for revoking a real estate broker's license, did the Commission adequately prove that Allen had the requisite bad reputation for honesty, truthfulness, and fair dealing?

■ Prior to deciding the issues in the case we must determine the proper scope of our review. Because the North Dakota Real Estate Commission is an administrative agency, our review of its decision is controlled by Chapter 28–32, N.D.C.C., the Administrative Agencies Practice Act.[1]

Section 28–32–19, N.D.C.C., provides:

*"Scope of and procedure on appeal from determination of administrative agency.*—The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

1. The decision or determination is not in accordance with the law.

2. The decision is in violation of the constitutional rights of the appellant.

3. Provisions of this chapter have not been complied with in the proceedings before the agency.

---

1. §§ 28–32–19 and 28–32–21, N.C.C.C., are generally procedural in nature. These statutes, as amended in 1977, are controlling in this case because the hearing was held and the findings of fact were made after July 1, 1977, when the 1977 amendments became effective. *In re Foster's Estate,* 89 N.W.2d 112, 116 (N.D.1958); *M & M Wood Working Company v. Chambers,* 217 Or. 161, 317 P.2d 920, 921–23 (1957); *Marks v. Crow,* 14 Or. 382, 13 P. 55, 57 (1887); and 1A Sands, Sutherland Statutory Construction § 22.36 (4th ed. 1972).

The controlling substantive statutes in this case [§§ 43–23–08 and 43–23–11.1, N.D.C.C.], however, are those that were in effect prior to the 1977 amendments at the time the alleged violation occurred. Allen was convicted of federal income tax violations in 1976 and the conviction was affirmed on March 15, 1977, before the 1977 amendments became effective. *See* § 1–02–10, N.D.C.C., and *Monson v. Nelson,* 145 N.W.2d 892 (N.D.1966).

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions and decision of the agency are not supported by its findings of fact.

If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court."

Section 28–32–21, N.D.C.C., provides:

"*Review in supreme court.*—The judgment of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as provided in section 28–32–19, except that the appeal to the supreme court must be taken within sixty days after the service of the notice of entry of judgment in the district court."

Therefore, in making our decision, we must look to the record compiled before the Commission itself, rather than to the findings of the district court. *See Bank of Hamilton v. State Banking Board,* 236 N.W.2d 921, 925 (N.D.1976); *Application of the Bank of Rhame,* 231 N.W.2d 801, 808–810 (N.D. 1975); *First American Bank & Trust Co. v. Ellwein,* 221 N.W.2d 509 (N.D.1974), cert. den. 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301, reh.den. 419 U.S. 1117, 95 S.Ct. 798, 42 L.Ed.2d 816; and *Geo. E. Haggart, Inc. v. North Dakota Workmen's Compensation Bureau,* 171 N.W.2d 104, 111 (N.D.1969).

In determining the effect of § 43–23–08, N.D.C.C., the following rules of statutory interpretation set forth in Chapter 1–02, N.D.C.C., are applicable:

Section 1–02–01, N.D.C.C., provides, in part:

"*Rule of construction of code.*—. . . The code establishes the law of this state respecting the subjects to which it

relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice."

Section 1–02–02, N.D.C.C., provides:

"*Words to be understood in their ordinary sense.*—Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained."

Section 1–02–05, N.D.C.C., provides:

"*Construction of unambiguous statute.*—When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Case law has further held that a statute must be construed as a whole and the Legislature's intent must first be sought from the language of the statute. *State v. Hanson,* 256 N.W.2d 364, 366 (N.D.1977); *Horst v. Guy,* 219 N.W.2d 153, 157 (N.D.1974); and *Monson v. Nelson, supra* 145 N.W.2d at 898. Therefore, we must look to the language of the applicable statutes in determining their meaning.

Section 43–23–08, N.D.C.C., prior to being amended in 1977,[2] provided in part:

"*43–23–08. License Standards.*—

1. Licenses shall be granted only to persons who bear a good reputation for honesty, truthfulness and fair dealing and who are competent to transact the business of a real estate broker, a real estate salesman, or mortgage broker in such manner as to safeguard the interest of the public, and whose real estate license or mortgage broker license has not been revoked in this or any other state within two years prior to date of application. . . ."

Section 43–23–11.1, N.D.C.C., prior to being amended in 1977,[3] provided in pertinent part:

2. *See* footnote 1, *supra.*

3. *See* footnote 1, *supra.*

*"43–23–11.1. Investigations, grounds for refusal, suspension or revocation of license—Hearing—Appeal.—*

1. The commission upon its own motion may, and upon the verified complaint in writing of any person shall, investigate the activities of any licensee or any person who shall assume to act in such capacity within the state, *and shall have the power to suspend or revoke a license when the licensee, in performing or attempting to perform any of the acts included within the scope of this chapter, has performed one or more of the following:* [Emphasis added.]

. . . . .

f. Been convicted or pleaded guilty or nolo contendere before a court of competent jurisdiction in this or any other state, or before any federal court, of theft, forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, or other like offense. [Emphasis added.]

. . . . .

p. Violating any provisions of this chapter or rule or regulation promulgated by the commission.

. . . ."

The Commission concedes that it has no authority to revoke Allen's license under § 43–23–11.1(1)(f), N.D.C.C., which allows revocation of a license when a person has been convicted of or pleaded nolo contendere or guilty to certain crimes. The Commission concluded that a conviction for filing a false income tax return is not covered by this statute. For this reason we have not considered the applicability of § 43–23–11.1(1)(f) in this case. Because this subsection was amended by the 1977 Legislature in Chapters 130 and 407, 1977 S.L., we do not deem it advisable to remand this case to the Commission for further proceedings.

■ Section 43–23–08(1), N.D.C.C., provides that an applicant for a real estate license must have a good reputation for honesty, truthfulness, and fair dealing. The Commission asserts that this requirement constitutes a continuing duty to which a licensee must conform as long as he remains licensed. The Commission contends that § 43–23–11.1(1)(p), N.D.C.C., enables it to revoke a license when a licensee violates "any provisions of this chapter [Ch. 43–23, N.D.C.C.] or rule or regulation promulgated by the commission." According to the Commission, Allen's conviction for filing false income tax returns violated his continuing duty to exhibit a good reputation for honesty, truthfulness, and fair dealing, and therefore, the Commission was justified for revoking Allen's real estate broker's license for violating § 43–23–08, N.D.C.C.

The Commission's contention is unpersuasive. § 43–23–08, N.D.C.C., does not provide a basis for the revocation of a real estate license as asserted by the Commission. Section 43–23–08 lists the requirements that must be met by an applicant before the Commission can issue him a license. Although a license may be denied initially because an applicant does not have a good reputation for honesty, truthfulness, and fair dealing, § 43–23–08 confers absolutely no basis for the revocation of a license after it has already been issued.[4] From a perusal of § 43–23–08 it does not appear that the requirement of having a good reputation for honesty, truthfulness, and fair dealing is a continuing duty upon which a license revocation may be based.

We conclude that the honesty, truthfulness, and fair dealing requirement of § 43–23–08, N.D.C.C., applies only to initial license applications.

Because we have decided that the revocation of Allen's license was improper under the relevant statutes, it is not necessary for us to consider the second issue in the case regarding whether the Commission adequately proved that Allen had a bad reputa-

---

**4.** Although § 43–23–08, N.D.C.C., may not be used as a basis for license revocation, since being amended in 1977 it may now be used to deny a license renewal when the honesty, truthfulness, and fair dealing requirement is not met.

tion for honesty, truthfulness, and fair dealing.

In interpreting the license revocation statutes we do not make any value judgments on the legislature's wisdom in allowing revocation of a real estate license only when the bad act was performed within the scope of the real estate business.[5] As was stated in *Blakely v. Miller,* 232 Iowa 980, 7 N.W.2d 11, 13 (1942),

> ". . . One could think of many good reasons why it would be better to have the actions outside of his conduct in acting as a real estate agent apply to his right to hold a real estate license, but this

is for the legislature to say and not for the court to write into the statute."

We adopt the district court's judgment reversing the Real Estate Commission's decision and reinstating Allen's real estate broker's license.

ERICKSTAD, C. J., and PEDERSON, VandeWALLE and SAND, JJ., concur.

---

5. *See Colli v. Real Estate Commission,* 169 Conn. 445, 364 A.2d 167 (1975), in which the court interpreted a real estate license revocation statute that is similar to North Dakota's statute. Both statutes allow revocation of a license only when the licensee has committed a violation "in performing or attempting to perform" any act as a real estate broker or salesman.