Arthur H. REILING and Justine Reiling,
Plaintiffs/Appellants,

v.

Dr. Sunil C. BHATTACHARYYA and Dr.
John Theodore Robson,
Defendants/Appellees.

Civ. No. 9537.

Supreme Court of North Dakota.

Feb. 28, 1979.

Lashkowitz Law Offices, P.C., Fargo, for plaintiffs and appellants; argued by Shelley J. Lashkowitz, Fargo.

Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, for defendants and appellees; argued by Sarah Andrews Herman, Fargo.

PAULSON, Justice.

This is an appeal by the plaintiffs, Arthur H. Reiling and Justine Reiling [hereinafter the Reilings], from the dismissal of their medical malpractice action against Dr. Sunil C. Bhattacharyya and Dr. John Theodore Robson [hereinafter the doctors], by the Ward County District Court. The Reilings commenced their action after Mr. Reiling twice underwent surgery for a lower back injury and allegedly sustained additional injuries as a result of the surgeries which were performed by the doctors. The district court dismissed the Reilings' complaint pursuant to Rule 12(b)(5) of the North Dakota Rules of Civil Procedure because the Reilings had failed to comply with the requirements of Chapter 32–29.1 of the North Dakota Century Code, which provides for the arbitration of medical malpractice claims by a medical review panel. On appeal, the Reilings contend that they are not required to follow the provisions of Chapter 32–29.1, N.D.C.C., because their cause of action arose before the effective date of Chapter 32–29.1, N.D.C.C. The Reilings further contend that Chapter 32–29.1, N.D.C.C., is unconstitutional.

The facts which are pertinent to this appeal are as follows: In 1974 Mr. Reiling

injured his back when he fell off a truck. He consulted Dr. Bhattacharyya, Dr. Robson, and Dr. H. Keith Stinson in 1976 and subsequently underwent back surgery. Approximately one month later Mr. Reiling again underwent back surgery. He alleges that he sustained injuries as a result of the two surgeries, including restricted walking ability, loss of bladder and bowel control, pain, numbness, and insomnia.

Chapter 32–29.1, N.D.C.C., which requires the submission of medical malpractice claims to a medical review panel, became effective July 1, 1977. On February 22, 1978, the Reilings commenced a medical malpractice action against Dr. Bhattacharyya and Dr. Robson, without complying with the provisions of Chapter 32–29.1, N.D.C.C. Mr. Reiling alleged that his injuries were caused by the doctors' negligence. Mrs. Reiling alleged loss of consortium and companionship due to the doctors' negligence. Dr. H. Keith Stinson was not named as a defendant in the action.

The doctors brought a motion to dismiss the complaint because the Reilings had not first submitted their medical malpractice claims to a medical review panel prior to commencing their action in district court, as is required by § 32–29.1–01, N.D.C.C. The district court granted the doctors' motion and entered a judgment on March 22, 1978, dismissing the Reilings' complaint.

On March 27, 1978, counsel for the Reilings attempted to amend the summons and complaint, which had previously been dismissed by the district court, by including Dr. H. Keith Stinson, John Doe, and others as defendants. Counsel for the Reilings then appealed to this court from the dismissal of their complaint by the district court. The Reilings still have not submitted their claims to a medical review panel.

In *Reiling v. Bhattacharyya*, 270 N.W.2d 562 (N.D.1978), we granted Dr. Stinson's motion to dismiss him as a party to the pending appeal. We held that Dr. Stinson was not a party to the appeal and his name was stricken from the appeal without prejudice. *Id.* at 564. Therefore, the appeal in the instant case involves only Dr. Bhattacharyya and Dr. Robson as defendants.

The following issues have been raised for appeal:

(1) Because the Reilings' cause of action arose in 1976, before Chapter 32–29.-1, N.D.C.C., became effective, are the Reilings required to submit their claims to a medical review panel before bringing an action in the district court?

(2) Is the Reilings' appeal attacking the constitutionality of Chapter 32–29.1, N.D.C.C., improper because they failed to first exhaust their administrative remedies by participating in the medical malpractice arbitration procedure?

(3) Does Chapter 32–29.1, N.D.C.C., violate the Reilings' constitutional rights of trial by jury, due process of law, equal protection of the laws, and the separation of powers' doctrine of the North Dakota Constitution?

In determining whether or not the Reilings are required to submit their claims to a medical review panel and otherwise comply with Chapter 32–29.1, N.D.C.C., even though their cause of action arose before the effective date of this chapter, we must consider § 1–02–10, N.D.C.C., which provides:

"*Code not retroactive unless so declared.*—No part of this code is retroactive unless it is expressly declared to be so."

The rule of construction stated in § 1–02–10, N.D.C.C., that statutes are to operate prospectively and not retroactively unless the legislature clearly manifests a contrary intention is well supported by North Dakota case law. *State v. Unterseher,* 255 N.W.2d 882, 891 (N.D.1977); *Hospital Services, Inc. v. Brooks,* 229 N.W.2d 69, 71 (N.D.1975); *Heddon v. North Dakota Workmen's Comp. Bureau,* 189 N.W.2d 634, 637 (N.D.1971); *Scranton Grain Co. v. Lubbock Machine & Supply Co.,* 186 N.W.2d 449, 453 (N.D.1971); *Monson v. Nelson,* 145 N.W.2d 892, 897–898 (N.D.1966); and *Gimble v. Montana-Dakota Utilities Co.,* 77 N.D. 581, 44 N.W.2d 198, 201 (1950).

A statute is applied retroactively when it is applied to a cause of action that arose prior to the effective date of the statute. A statute is applied prospectively when it is applied to a cause of action that arose subsequent to the effective date of the statute.

In the instant case, the district court dismissed the Reilings' complaint because they had not complied with Chapter 32–29.1, N.D.C.C. The district court's dismissal of the Reilings' complaint was based upon a retroactive application of Chapter 32–29.1, N.D.C.C., because the Reilings' cause of action arose before the effective date of Chapter 32–29.1, N.D.C.C.

The Reilings contend that the retroactive application of Chapter 32–29.1, N.D.C.C., was improper and violative of § 1–02–10, N.D.C.C., because the legislature did not expressly state that Chapter 32–29.1, N.D.C.C., was to be applied retroactively. Therefore, the Reilings contend that the district court's dismissal of their complaint constituted error.

Dr. Bhattacharyya and Dr. Robson, however, contend that a procedural statute may be applied retroactively despite the absence of express legislative intent. The doctors' brief has cited *In re Foster's Estate,* 89 N.W.2d 112 (N.D.1958); and *Craig v. Herzman,* 9 N.D. 140, 81 N.W. 288 (1899), aff'd *Red River Valley Bank v. Craig,* 181 U.S. 548, 21 S.Ct. 703, 45 L.Ed. 994 (1901), in support of their contention that a procedural statute constitutes an exception to § 1–02–10, N.D.C.C. This argument was also raised by parties in *Heddon, supra* 189 N.W.2d at 638; *Scranton Grain, supra* 186 N.W.2d at 453; *Gimble, supra* 44 N.W.2d at 203; and *Ford Motor Company v. State,* 59 N.D. 792, 231 N.W. 883, 887 (1930).

During the past eighty years this court has followed the rule that a substantive statute may not be applied retroactively in the absence of specific legislative intent, but has rendered varied decisions regarding the retroactivity of procedural statutes. In *Craig, supra* 81 N.W. at 290, this court held that procedural statutes may be applied retroactively, despite the lack of specific legislative intent.

In *Ford, supra* 231 N.W. at 887, this court did not decide the issue of the retroactivity of procedural statutes, but held that the question of retroactivity is essentially one of legislative intent. This court in *Gimble, supra* 44 N.W.2d at 203–204, determined that the statute in question was substantive, not procedural. Therefore, the court did not consider the retroactivity of procedural statutes.

In *Foster's Estate, supra* 89 N.W.2d at 114, this court held, in paragraph 2 of the syllabus:

"When an amendment to a procedural law becomes effective during the pendency of a proceeding unless a contrary legislative intent appears the validity of the procedural steps already taken therein is determined under the old provisions but future procedure is governed by the amendment."

In essence, the court held that a procedural statute applies retroactively to causes of action which arose before its effective date, unless a contrary legislative intent appears.

In 1971, this court decided two cases in which the issue of the retroactive application of procedural statutes was raised. In *Scranton Grain, supra* 186 N.W.2d at 453, this court held that "§ 1–02–10, N.D.C.C., is absolute and definite", and that it provides no exception for procedural statutes. In *Heddon, supra* 189 N.W.2d at 638, this court cited with approval the decision in *Scranton Grain, supra:*

"What the Bureau seems to be contending is that this amendment is a purely procedural amendment and that it does not affect substantive rights or impair contract obligations, and thus may have a retroactive effect unless a contrary intent is evidenced in the amendment.

"This argument was made in *Scranton Grain Company v. Lubbock Machine & Supply Company,* 186 N.W.2d 449 (1971), but was rejected by this court, the reason being given that Section 1–02–10, N.D. C.C., is absolute and definite."

The decision in *Heddon, supra,* however, did not rely on the *Scranton Grain* decision

because the statute in *Heddon* was substantive, not procedural, and § 1–02–10, N.D.C.C., definitely prevented it from being applied retroactively.

In *Young v. White,* 267 N.W.2d 799, 802 (N.D.1978), this court again considered the retroactive application of procedural statutes and stated that "Even procedural statutes are not retroactive unless specifically declared to be so."

In *North Dakota Real Estate Commission v. Allen,* 271 N.W.2d 593, 594–595 (N.D. 1978), amendments to certain relevant procedural statutes became effective after the cause of action arose, but before a hearing was held. Although we applied the pre-amendment substantive statutes and the post-amendment procedural statutes in *Allen, supra,* the application of the post-amendment procedural statutes did not affect the ultimate disposition in the case.

Because the issue of the retroactivity of procedural statutes has received different interpretations in the past, we will attempt to clarify this court's view of the applicability of § 1–02–10, N.D.C.C., to procedural statutes.

Section 1–02–10, N.D.C.C., is absolute and definite on its face. It provides that *"No part* of this code is retroactive . . ." [emphasis added] unless a contrary legislative intent is expressed. Because the statute provides no express exception for procedural statutes, the procedural statute exception is based solely on case law. *See* 2 Sutherland Statutory Construction § 41.04 (4th Ed. Sands), pp. 253–254; *Scranton Grain, supra* 186 N.W.2d at 153.

The view favoring a narrow interpretation of § 1–02–10, N.D.C.C., and opposing

an exception for procedural statutes is supported by the language of the statute.[1] The statute's language indicates that the legislature must expressly authorize the retroactive application of any statute or it will be applied only to causes of action that arise after the effective date of the statute.

A narrow interpretation of § 1–02–10, N.D.C.C., prevents a court from determining whether a statute is substantive or procedural. The substantive-procedural distinction is frequently unclear and artificial because few statutes are solely substantive or solely procedural. Because almost all procedural statutes affect substantive rights to some extent, a substantive-procedural decision must be made by balancing the interests on a case-by-case basis without any clear, workable guidelines for determining whether a statute is substantive or procedural.

A narrow interpretation of § 1–02–10, N.D.C.C., clearly presents the better rule. In enacting the statute the legislature intended to have no statute apply retroactively unless it specifically provides that it is to apply retroactively. By giving § 1–02–10, N.D.C.C., a narrow interpretation in this case, the legislature will be given notice that it must specifically state that a statute is to apply retroactively if the legislature desires it to apply retroactively.[2]

We conclude that § 1–02–10, N.D.C.C., applies to all statutes enacted by the legislature regardless of whether they are substantive or procedural. All statutes enacted by the legislature are to be applied prospectively, *i. e.,* they are to be applied only to causes of action that arise after the effective date of the statute, unless the

1. Pursuant to § 1–02–02, N.D.C.C.:
   "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears . . . ."

2. The Minnesota statute involving the retroactive application of statutes, M.S.A. § 645.21, states that:
   "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."

It has been interpreted to apply to all statutes regardless of whether they are procedural or substantive. *No Power Line v. Minn. Environmental Quality,* —— Minn. ——, 262 N.W.2d 312, 321 (1977); *In re Estate of Murphy v. State Dept. of Pub. Welfare,* 293 Minn. 298, 198 N.W.2d 570, 575–576 (1972); *Cooper v. Watson,* 290 Minn. 362, 187 N.W.2d 689, 693 (1971); and *Ekstrom v. Harmon,* 256 Minn. 166, 98 N.W.2d 241, 242 (1959).

legislature clearly expresses that they are to be applied retroactively.[3]

██ We conclude that Chapter 32–29.1, N.D.C.C., must be applied prospectively because it contains no express legislative intent that it is to be applied retroactively.[4]

We hold that Chapter 32–29.1, N.D.C.C., does not apply to the Reilings' cause of action which arose before the effective date of the chapter. Therefore, we hold that the Reilings are not required to comply with the provisions of Chapter 32–29.1, N.D.C.C., as a prerequisite to bringing their action for medical malpractice in the district court. Because we have held that Chapter 32–29.1, N.D.C.C., does not apply to the Reilings' claims we need not discuss the exhaustion-of-remedies issue and the four constitutional issues raised.

The judgment of the district court dismissing the Reilings complaint is reversed and the case is remanded to the district court for trial.

PEDERSON, Acting C. J., VANDE WALLE and SAND, JJ., and WM. F. HODNY, District Judge, concur.

WM. F. HODNY, District Judge, sitting in place of ERICKSTAD, C. J., disqualified.

---

**3.** Note, however, that the retroactive applications of statutes must not violate the United States Constitution or the North Dakota Constitution. *See* 2 Sutherland Statutory Construction § 41.03 (4th Ed. Sands), pp. 249–252; *Heddon, supra* 189 N.W.2d at 638.

**4.** Although we did not base our decision on whether Chapter 32–29.1, N.D.C.C., is substan-

tive or procedural, the Ohio Medical Malpractice Act which contained some provisions similar to those contained in Chapter 32–29.1, N.D.C.C., was found to affect substantive rights. *Simon v. St. Elizabeth Medical Center*, 355 N.E.2d 903, 909 (Com.Pl.O.1976); *Graley v. Satayatham*, 343 N.E.2d 832, 838 (Com.Pl.O. 1976).