**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Myron E. GOODBIRD, Defendant and Appellant.**

**Cr. No. 956.**

Supreme Court of North Dakota.

Feb. 23, 1984.

Tom P. Slorby, State's Atty., Minot, for plaintiff and appellee State; no appearance on brief.

Steven C. Farhart, Minot, for defendant and appellant; submitted on brief.

VANDE WALLE, Justice.

Myron E. Goodbird appealed from the criminal judgment and sentence entered by the Ward County court on August 10, 1983, convicting Goodbird of driving while under the influence of alcohol. We affirm the conviction and reverse the sentence and remand for further proceedings.

Goodbird was arrested for driving while under the influence of alcohol in Ward County in 1982. Goodbird posted bond but did not appear in court. A bench warrant for his arrest was issued and in July 1983 Goodbird was arrested on the bench warrant and transferred to Ward County. At that time he faced two charges: driving while under the influence of alcohol and failure to appear. The trial judge advised Goodbird of the maximum and minimum penalties for the first offense of driving while under the influence. Goodbird pleaded guilty to the driving charge and the charge for failure to appear was dismissed.[1] Prior to sentencing Goodbird's counsel objected to the trial court's sentencing Goodbird in accordance with the law then in effect rather than the law which was in effect at the time the offense was committed. The trial court overruled that objection and sentenced Goodbird to ten days in the county jail with credit given for the 20 days Goodbird had already spent

---

1. Goodbird explained that he did not appear in court as directed because he posted $300 bond and that he believed if he forfeited the bond he would not have to appear. This procedure is used in noncriminal traffic offenses. See Section 39–06.1–02, N.D.C.C. The charge of driving while under the influence of alcohol is, of course, a criminal traffic offense.

in jail and a fine of $250. In addition, in the judgment and sentence the trial court assigned 24 "points" to Goodbird's driving record and required him to undergo an evaluation for alcohol treatment.

On appeal Goodbird raises three issues, two of which are concerned with the use by the trial court of the penalty statute in effect at the time of the sentencing rather than the statute in effect at the time of the offense. Goodbird contends that it was a retroactive application of a statute which operates as an ex post facto application of the law. He further contends that the trial court was without authority to assign "points" to Goodbird's driving record.

At the time of the offense in 1982 the statute in effect, Section 39–08–01(2), N.D. C.C., provided, in part:

"A person violating any provision of this section is guilty of a class B misdemeanor for the first conviction in a twenty-four-month period, ... The minimum penalty for such violation shall be either three days in jail or a fine of one hundred dollars, or both such fine and imprisonment." See 1981 N.D.Sess.Laws, Ch. 395.

At the time of the sentencing in August 1983 Section 39–08–01, N.D.C.C., had been amended to provide at subsection 5 thereof:

"A person convicted of violating this section, or an equivalent ordinance, must be sentenced in accordance with this subsection.

"a. For a first offense, the sentence must include both a fine of at least two hundred fifty dollars and referral for addiction evaluation to an appropriate licensed addiction treatment program. If the addiction evaluation indicates treatment is needed, the court shall notify the commissioner."

The maximum penalty for conviction of a Class B misdemeanor at the time of the

commission of the offense as well as at the time of sentencing was 30 days' imprisonment, a fine of $500, or both. See Section 12.1–32–01(6), N.D.C.C. The sentence by the trial court was, with regard to the fine and imprisonment, within the maximum permitted by the statute in effect at the time the offense was committed. However, the State and Goodbird have entered into a stipulation for purposes of this appeal, indicating as follows:

"That in August of 1982 the typical sentence given in Ward County Court for a first-time DWI offender was as follows:

"1. $250 fine

"2. No costs

"3. Three days in jail suspended on good behavior and on condition that the Defendant undergo an eight-hour DWI counseling course at the local Human Services Center

"In addition, where the Defendant had served time in jail regarding the DWI offense, the $250 fine was either waived in whole, or at least in part, in relation to the amount of time served."

■ The trial court suspended the $50 costs because of the time Goodbird spent in jail prior to his appearance in court but the trial judge indicated he could not suspend the $250 fine because it was mandatory under the statute in effect at time of sentencing.[2] A reading of the transcript clearly indicates that the trial judge sentenced Goodbird under the statute in effect at the time of conviction rather than the statute in effect at the time the offense was committed. Therefore, although the sentence was within the maximum permitted by the statute at the time the offense was committed, we will consider that the sentence was given in accordance with the statute in effect at the time of conviction.

**2.** For a reason which was discussed at the time of sentencing but not explained, Goodbird was held in the Ward County jail for 20 days before making an appearance in court. That is not an issue before us although his counsel did argue

at the trial-court level that the fine should be waived because of that fact. The trial judge indicated he did not believe he had the authority to waive the fine under the law in effect at the time of sentencing.

In *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 239 (N.D.1979), this court stated:

"A statute is applied retroactively when it is applied to a cause of action that arose prior to the effective date of the statute. A statute is applied prospectively when it is applied to a cause of action that arose subsequent to the effective date of the statute."

In *Reiling* we examined the provisions of Section 1–02–10, N.D.C.C., which provides that no part of the North Dakota Century Code is retroactive unless it is expressly declared to be so, and concluded:

"All statutes enacted by the legislature are to be applied prospectively, *i.e.*, they are to be applied only to causes of action that arise after the effective date of the statute, unless the legislature clearly expresses that they are to be applied retroactively." 276 N.W.2d at 240, 241.

■ We can discern no express legislative intent that Section 39–08–01, as amended by the 1983 Legislative Assembly, apply to offenses committed prior to the effective date of the amendment, July 1, 1983. Furthermore, a review of the legislative history of SB 2373 of the 1983 Legislative Session, the bill which amended Section 39–08–01, indicates exactly the opposite, i.e., that the bill was not intended to apply retroactively. See Minutes of Senate and House Judiciary Committees, 48th Legislative Assembly.

We therefore conclude that insofar as the trial court sentenced Goodbird under the provisions of Section 39–08–01, N.D.C.C., as it was amended in 1983, rather than under the provisions of Section 39–08–01 as it existed at the time of the commission of the offense, the sentence was improper. Because of our conclusion regarding this issue we need not consider whether or not Section 39–08–01, as amended . in 1983, if applied to an offense committed prior to the effective date of the amendment, would operate as an ex post *facto law in violation of Article I, Section 18, of the North Dakota Constitution and Article 1, Section 10, of the United States Constitution.[3]

■ The final issue raised by Goodbird is whether or not the trial court was in error in assigning "points" to Goodbird's driving record. Under the statutory scheme of this State, when a person is convicted of certain driving offenses, including driving while under the influence of alcohol, a certain number of points is assigned to his driving record and, when those points reach a specific number, the person's driver's license is suspended. See Section 39–06.1–10, N.D.C.C. Section 39–06.1–10, as it was in effect at the time of the offense, provided for 15 points to be assigned for driving while under the influence in violation of Section 39–08–01. Section 39–06.1–10, as amended in 1983 and in effect at the time of sentence, provided for an assignment of 24 points for the offense of violating Section 39–08–01 if the driving record shows the licensee has not, within the five years preceding the violation, previously violated Section 39–08–01 or an equivalent ordinance. Although there is a disparity in the points assigned, under the statute as it was in effect at the time of sentence and the statute as it existed at the time the offense was committed Goodbird's challenge is not primarily on that basis. Rather, he challenges the assignment of any points by the trial court. He contends that the assignment of points is an administrative function to be performed by the Highway Commissioner upon report of the conviction by the trial court.[4] We agree. A review of the pertinent statutory provisions indicates it is the responsibility of the

3. In *Reiling v. Bhattacharyya*, 276 N.W.2d 237 (N.D.1979), we indicated at footnote 3 thereof that even if the Legislature expressly intends to make the statute retroactive such application must not violate the United States Constitution or the North Dakota Constitution.

4. *Presumably Goodbird believes that if the assignment of points is left to the Commissioner he would assign the number of points specified by the statute at the time of the commission of the offense rather than the number of points specified by the statute at the time of sentencing.*

court to report the conviction to the Highway Commissioner. It is the duty of the Highway Commissioner, upon receipt of the report of the conviction, to enter the proper number of points on the licensee's driving record. See Sections 39–06.1–02, 39–06.1–03, 39–06.1–04, 39–06.1–10, and 39–07–11, N.D.C.C. In *Andre v. North Dakota State Highway Com'r*, 295 N.W.2d 128, 130 (N.D.1980), we stated:

"A report of the traffic-offense admission or adjudication is made to the Department so that it may add the points provided by statute for that particular violation to the driver's total and, if the new total exceeds the statutory limit, to suspend his license."

We also agree with Goodbird that the number of points assigned to his driving record should be in accordance with the statute in effect at the time of commission of the offense rather than the statute in effect at the time of sentence.

The sentence is reversed and the case is remanded to the trial court for the purpose of sentencing Goodbird in accordance with the standards specified herein.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.